UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Richard A. Waite

    v.                                       Case No. 21-cv-397-LM

Todd A. Faulkner et al.[1]


**REPORT AND RECOMMENDATION**

Plaintiff Richard A. Waite, a prisoner at the Northern New Hampshire Correctional Facility proceeding pro se and in forma pauperis, filed a civil rights complaint (Doc. No. 1) under 42 U.S.C. § 1983 that accuses the defendants of taking items of his property during a September 2014 search of his mother's house which were not described in the search warrant and were not listed on the search inventory, in violation of his Fourth Amendment rights.  The complaint is before the court for preliminary review.


**Preliminary Review Standard**

The court conducts a preliminary review of prisoner complaints seeking relief from government employees or entities.

---

[1]In his complaint, the plaintiff identifies the following defendants to this action: the Town of Hinsdale, New Hampshire ("Town"); Hinsdale Police Department ("HPD") Chief Todd A. Faulkner; HPD Lt. David Eldridge; three unnamed "John Doe" members of the HPD, and Assistant Cheshire County Attorney John M. Gasaway.  Other than the Town, the defendants are sued in their individual and official capacities.

See 28 U.S.C. § 1915A(a); LR 4.3(d)(1).  In conducting preliminary review, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in the plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  The court construes pro se filings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  Claims may be dismissed, sua sponte, if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See §§ 1915(e(2), § 1915A(b)(1); LR 4.3(d)(1)(A).

## **Background**

In 2015, Mr. Waite was convicted on charges that he committed felony and misdemeanor sexual offenses against his two stepdaughters over a period of years.  See State v. Waite, No. 2016-0233, 2018 N.H. LEXIS 35, at *1, 2018 WL 1190684, at *1 (N.H. Mar. 8, 2018).  His convictions were affirmed on appeal. See id., 2018 N.H. LEXIS 35, at *9, 2018 WL 1190684, at *4.  In April 2016, Mr. Waite was sentenced to forty-five years to life

2

in prison.² See Waite v. Warden, 19-cv-259-LM, (D.N.H. Mar. 12, 2019) (ECF No. 1, at 1).

Mr. Waite's allegations in this case are based on several searches of his mother's home conducted in September 2014 by members of the Hinsdale Police Department ("HPD"). He alleges that certain items of his property, taken from his home during the searches, were neither described in the search warrant nor included in the HPD's search inventory, specifically:

> items of prepper/dried, stored, "MRE" food, including some 30+ MRE's and 36+ pails with stored food of 4 weeks each (value $175.00 per). This food—MRE's was in a metal container under the bed, the pails/totes of food was in the closet and in the basement. The HPD also took several firearms not listed in their inventory that where [sic] in the closet. These include 1- other PPS-43C (I had 2) 1 other M-57 tokarave pistol (I had 3), 2-CZ-52 pistols, 1 Egyptian AK-semi-auto, 1 Ballard sporting rifle 1860, 1-percusion muzzle loading rifle 50 cal, 1-Mauser 72/84 rifle . . . 1-Mossberg tactical turkey shot gun 12 GA .  . . . They also took many "spam" cans of ammo not listed.

May 17, 2021 Compl. (Doc. No. 1) ("Compl."), at 3-4 (emphasis in original). Mr. Waite alleges that the items listed above do not pertain to the charges against him, his conviction, or any other crime, and that the seizure of those items was not made pursuant

---

²Mr. Waite is challenging his convictions in habeas proceedings brought in state court and in this court; the habeas action in this court is stayed, pending the resolution of Mr. Waite's state court post-conviction litigation. See Waite v. Warden, 19-cv-259-LM (D.N.H. Mar. 12, 2019) (ECF No. 6).

3

to any recognized exception to the Fourth Amendment's warrant requirement.

Mr. Waite makes additional allegations pertaining to his theory that Assistant Cheshire County Attorney ("ACCA") Matthew Gasaway, who prosecuted him on the sexual assault charges, conspired, with HPD officers, to seize the unlisted and uninventoried items of property. Mr. Waite alleges that ACCA Gasaway participated in the conspiracy by allowing the officers to take Mr. Waite's items during the searches for their own personal, without fear of prosecution. Mr. Waite further alleges that, in exchange for such impunity, the officers filed "fake charges and evidence that the Plaintiff had child porn on his computer to prevent his testifying at his trial." Compl. at 5. Mr. Waite contends that he did not have child pornography because the images found on his computer, which were the subject of his conviction for possessing child pornography, contained information that proved the images were legal.

In support of his complaint, Mr. Waite filed forty-eight pages of documents, including: excerpts of testimony given by Mr. Waite's mother, Donna Vollert, about a written complaint Ms. Vollert filed on May 26, 2015 against the HPD, asserting that Mr. Waite was questioning the items taken by the police and that Ms. Vollert did not receive a copy of the search warrant or a list of the items taken. During Ms. Vollert's testimony, defense counsel stated that a civil lawsuit had been filed

4

concerning the items allegedly improperly taken during the search. Mr. Waite alleges that the complaints about items taken went nowhere. Mr. Waite has not stated the outcome of the lawsuit.

Mr. Waite wrote to the New Hampshire State Police ("State Police") to report the alleged theft of his property, and was told they were looking into the matter. Mr. Waite then wrote a letter, dated June 18, 2015, to two State Police Troopers listing his communications with the HPD and others about his allegedly stolen property, and states that nothing had been done about it. He asked the Troopers to forward his concerns to the appropriate person at the New Hampshire Attorney General's office.

### Claims

Mr. Waite asserts the following claims in this matter:

1. ACCA Matthew Gasaway, in his individual and official capacities, conspired with HPD Chief Todd A. Faulkner, HPD Lt. David Eldridge, in their individual and official capacities, and three "John Doe" police officers (whose names are not known), in their official capacities, to engage in a quid pro quo arrangement, in which ACCA Gasaway allowed those HPD officers to violate Mr. Waite's Fourth Amendment rights without fear of being charged criminally for theft of Mr. Waite's property, in exchange for the HPD officers' filing false child pornography charges against Mr. Waite to prevent him from testifying at his trial, in violation of:

    a. Mr. Waite's Sixth Amendment right to present evidence favorable to his defense, and

5

      b.   Mr. Waite's Fourteenth Amendment right to due process.

2. HPD Chief Todd A. Faulkner, HPD Lt. David Eldridge, in their individual and official capacities, and three "John Doe" police officers (whose names are not known) in their official capacities, executed a search warrant at Mr. Waite's home during three separate searches in September 2014, in violation of Mr. Waite's Fourth Amendment right not to be subject to a warrantless search of his home, in that the defendants:

      a.   seized items from his home which were not authorized by the warrant, or any exception to the warrant requirement, and which were not pertinent to the crimes with which Mr. Waite was charged or any other crime;

      b.   failed to make a clear and complete inventory list of the items seized from Mr. Waite's home;

      c.   failed to provide a copy of the search warrant with the home owner, Donna Vollert; and

      d.   failed to act on Mr. Waite's and Ms. Vollert's complaints concerning the improperly seized items.

## Discussion

I. Conspiracy Claims (Claims 1(a)-(b))

Under [Heck v. Humphrey](), a plaintiff cannot obtain money damages in a suit pursuant to [§ 1983]() for "an unconstitutional conviction or imprisonment, or for harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he can show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

6

issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 477, 486-87 (1994). Although Mr. Waite asserts that the alleged theft of his property was unrelated to his criminal charges, the conspiracy alleged in Claims 1(a) and 1(b) are related to his criminal case. The Court finds that Mr. Waite's conviction on child pornography charges, would be undermined if Mr. Waite were to succeed on his conspiracy claims.

At this time, Mr. Waite has not, and cannot, show that his convictions have been negated as required under Heck. See McDonough v. Smith, 139 S. Ct. 2149, 2156-57 (U.S. 2019). Accordingly, the District Judge should dismiss Claims 1(a)-(b), without prejudice to Mr. Waite's ability to bring such claims if his convictions are nullified in the future.

II.  Fourth Amendment Claims (Claims 2(a)-(d))

Mr. Waite's allegations that the defendants stole his personal property during the September 2014 searches of his mother's house, aside from the allegation of conspiracy, addressed above, do not appear to implicate the Heck doctrine.[3] He contends that the HPD's taking of certain items during those searches violated his Fourth Amendment right to be free of unreasonable searches and seizures. The obstacle for those

---

[3] Mr. Waite does not allege that the unlisted property taken by the defendants was used against him in his criminal case and affirmatively states that the property in question was not relevant to any charged or uncharged crime.

allegations is that any claim for a Fourth Amendment violation accrued when Mr. Waite became aware that the defendants had taken property during the searches which was not described in the warrant and not listed on the inventory. As explained below, Mr. Waite was required to assert his claims within three years of when the claims accrued. Because he did not file his complaint in this matter until more than six years after his claims accrued, his Fourth Amendment claims are time-barred.

Section 1983 does not include a statute of limitations. Claims brought pursuant to § 1983 are governed by the statute of limitations applicable to personal injury actions in the forum state – here, New Hampshire. See Harrington v. City of Nashua, 610 F.3d 24, 28 (1st Cir. 2010). Under New Hampshire law, the relevant limitations period is three years. See McNamara v. City of Nashua, 629 F.3d 92, 95 (1st Cir. 2011) (citing N.H. Rev. Stat. Ann. § 508:4(I)). A cause of action under § 1983 accrues, for purposes of the limitations period, "'when the plaintiff knows, or has reason to know of the injury on which the action is based.'" Álamo-Hornedo v. Puig, 745 F.3d 578, 581 (1st Cir. 2014) (citation omitted); see also Mangano v. Bellotti, 187 F. App'x 8, *8-*9 (1st Cir. 2006) (statute of limitations accrues when the injurious act occurs, not when the consequences of the act are felt); Richer v. Parmelee, 388 F. Supp. 3d 97, 105 (D.R.I. 2019) (Fourth Amendment violations arising from a search accrue at the time of the search).

Mr. Waite was present at his mother's house at the time of the first search on September 4, 2014. Even if he was not present at the other two September 2014 searches, Mr. Waite knew, or had reason to know, of the actions underlying his Fourth Amendment claims at least by November 2, 2014, the date Mr. Waite claims, in his June 18, 2015 letter to the State Police, that he began to write letters to the HPD, the Cheshire County Attorney's Office and the Town of Hinsdale regarding the alleged theft of his property. See June 18, 2015 Letter, Compl. Attach. (Doc. No. 1-1), at 38-39. Accordingly, his statute of limitations expired on or around November 2, 2017.

Mr. Waite did not file this suit until May 2021, six-and-a-half years after the statute of limitations accrued on the claims in this case, and two-and-a-half-years after the three-year limitations period expired. Accordingly, the District Judge should dismiss Claims 2(a)-(d), alleging that the defendants violated his Fourth Amendment rights by taking his property during a search in September 2014, as time-barred.[4]

## Conclusion

For the foregoing reasons, the District Judge should:

---

[4] To the extent Waite intended to bring a state law claim of conversion based on the items he alleges were taken, the District Judge should decline to exercise supplemental jurisdiction over that claim, as the federal claims are dismissed and any state claim would also be time barred. See 28 U.S.C. § 1367(c).

9

1. Dismiss Claims 1(a)-(b) from this action, without prejudice to Mr. Waite's ability to reassert those claims if his conviction underlying those claims is nullified in the future;

2. Dismiss Claims 2(a)-(d) as time-barred; and

3. Decline to exercise supplemental jurisdiction over any state claims Mr. Waite may have intended to assert, without prejudice to his ability to assert those claims in state court.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 29, 2021

cc: Richard A. Waite, pro se.