```
             UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Richard A. Waite

    v.                                    Case No. 21-cv-397-LM

Todd A. Faulkner, et al.


### SUPPLEMENTAL REPORT AND RECOMMENDATION

Richard Waite, an inmate who is proceeding pro se and in forma pauperis, filed suit in which he alleged that Assistant County Attorney Gasaway and members of the Hinsdale Police Department ("HPD") violated his constitutional rights in the execution of a search warrant at his mother's home.  Following preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1), the undersigned magistrate judge issued a report and recommendation to dismiss Mr. Waite's Claim 1(a)-(b) without prejudice as precluded under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), to dismiss Claims 2(a)-(d) as time barred, and to decline to exercise supplemental jurisdiction over state law claims.  Mr. Waite filed an objection to the report and recommendation in which he primarily disputed the recommendation to dismiss Claims 2(a)-(d) as time barred.[1]

---

[1] Mr. Waite does not dispute dismissal of Claims 1(a)-(b), although he included some discussion of those claims in the objection.  Mr. Waite also stated that a defendant's first name was incorrect in the report and recommendation, that he did not

In response to Mr. Waite's objection, the court adopted the report and recommendation to dismiss Claims 1(a)-(b) without prejudice. Because Mr. Waite made new allegations in his objection, pertaining to when he knew his property had been seized, the court construed the objection as a request to amend the complaint with new allegations to support Claims 2(a)-(d). The court took the report and recommendation under advisement and referred the matter back to the undersigned magistrate judge for preliminary review of Claims 2(a)-(d), as amended.

## Preliminary Review Standard

The court conducts a preliminary review of prisoner complaints seeking relief from government employees or entities. 28 U.S.C. § 1915A(a); LR 4.3(d)(1). For purposes of preliminary review, pro se complaints are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Claims may be dismissed, sua sponte, if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See § 1915A(b)(1); LR 4.3(d)(1)(A). In considering whether the complaint states a claim, the court construes reasonable inferences in the plaintiff's favor to determine

---

make a claim under the Sixth Amendment, and that he was not present during the initial search of his mother's home.

2

whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief'" upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## Background

The operative complaint in this case consists of the original complaint, document no. 1, and the objection, document no. 6. Those filings were considered together for purposes of preliminary review.

As alleged in his original complaint, a search warrant was issued for Mr. Waite's mother's home, Waite's former residence, at 12 Church Street in Hinsdale, New Hampshire, in September of 2014. Three searches were conducted in September; the first occurred on September 4, 2014.

Mr. Waite alleges that the officers who conducted the searches took items not listed on the search warrant, not related to any crime, and not subject to any exception to the warrant requirement.[2] He also alleges that the officers failed to make a "clear and complete inventory of the seized items."

---

[2] Mr. Waite was later convicted on charges of aggravated felonious sexual assault, attempted aggravated felonious sexual assault, possession of child pornography, and misdemeanor sexual assault. State v. Waite, 2018 WL 1190684 (N.H. Mar. 8, 2018).

3

Doc. 1, at *3.  Specifically, Mr. Waite alleges that the officers took:

> items of prepper/dried, stored, "MRE" food, including some 30+ MRE's and 36+ pails with stored food of 4 weeks each (value $175.00 per).  This food—MRE's was in a metal container under the bed, the pails/totes of food was in the closet and in the basement.  The HPD also took several firearms not listed in their inventory that where [sic] in the closet.  These include 1- other PPS-43C (I had 2) 1 other M-57 tokarave pistol (I had 3), 2-CZ-52 pistols, 1 Egyptian AK-semi-auto, 1 Ballard sporting rifle 1860, 1-percusion muzzle loading rifle 50 cal, 1-Mauser 72/84 rifle . . . 1-Mossberg tactical turkey shot gun 12 GA .. . .  They also took many "spam" cans of ammo not listed.

May 17, 2021 Compl. (Doc. No. 1), at *3-*4 (ellipses in original).

As noted in the prior report and recommendation, Mr. Waite filed forty-eight pages of documents with his complaint that include excerpts from a transcript of his mother's testimony during his criminal trial, excerpts from a transcript of the HPD chief's testimony, the search warrant, and other documents.  The documents filed show that Mr. Waite's mother, Donna Vollert, filed a written complaint on May 26, 2015, against the HPD, stating that Mr. Waite was questioning the items that had been taken by the police during the searches.  She also said that she had not received a copy of the search warrant or a list of the items taken.  During her trial testimony, reference was made to

4

a civil lawsuit about the items taken during the searches.³  Mr. Waite reported the alleged theft of his property to the New Hampshire State Police and others.

Mr. Waite's complaint was construed to allege the following claims that have not been dismissed:

> 2.  HPD Chief Todd A. Faulkner, HPD Lt. David Eldridge, in their individual and official capacities, and three "John Doe" police officers (whose names are not known) in their official capacities, executed a search warrant at Mr. Waite's home during three separate searches in September 2014, in violation of Mr. Waite's Fourth Amendment right not to be subject to a warrantless search of his home, in that the defendants:
>
> a. seized items from his home which were not authorized by the warrant, or any exception to the warrant requirement, and which were not pertinent to the crimes with which Mr. Waite was charged or any other crime;
>
> b. failed to make a clear and complete inventory list of the items seized from Mr. Waite's home;
>
> c. failed to provide a copy of the search warrant with the home owner, Donna Vollert; and
>
> d. failed to act on Mr. Waite's and Ms. Vollert's complaints concerning the improperly seized items.

Doc. no. 5, at *6.  In the first report and recommendation, it was recommended that Claims 2(a)-(d) be dismissed as time barred because Mr. Waite knew, at least by November 2, 2014, that his property had been seized during the searches of his mother's home and that he disputed the legality of the seizures.

---

³ Mr. Waite states in his objection that the lawsuit did not proceed because of issues with service.

5

In his objection, Mr. Waite asserts that he did not learn that the items he contends were illegally seized from his mother's basement were missing until July or August of 2019 when he told his mother to be sure to take them when she moved.[4] Mr. Waite states that he is challenging the defendants' seizure of a pallet of food and ammunition crates that were in his mother's basement as an illegal seizure under the Fourth Amendment. Doc. 6, at *2. He describes the seized items as "firearms, spam cans of ammo and/or the food pails in the basement." Id., at *3.

## Discussion

As stated in his objection, Mr. Waite now limits his Fourth Amendment claim to items he alleges were taken during the searches that were not listed on the inventories. He contends that the officers took food and ammunition from his mother's basement that were not listed on the inventories. He

---

[4] Mr. Waite stated that contrary to a statement in the prior report and recommendation, he was not present during the initial search of his mother's home on September 4, 2014. According to the record that Mr. Waite provided, however, his mother testified that he was present with her during the search on September 4. Doc. 1-1, at *4. In addition, it appears from the transcript of the deposition of the HPD chief that Mr. Waite was arrested at the time of the search. Doc. 1-1, *2-*3. While Mr. Waite's presence during the search supports a conclusion that he knew what items were seized, it is not dispositive in the context of the record that Mr. Waite has provided.

acknowledges that his claim is time barred as to any seized items that were listed on the inventories.

### A. Statute of Limitations

Section 1983 does not include a statute of limitations, and claims brought pursuant to § 1983 are governed by the statute applicable to personal injury actions in the forum state. Owens v. Okure, 488 U.S. 235, 236 (1989). Under New Hampshire law, a personal injury action must be brought within three years. RSA 508:4. A cause of action under § 1983 accrues, for purposes of the limitations period, "'when the plaintiff knows, or has reason to know of the injury on which the action is based.'" Alamo-Hornedo v. Puig, 745 F.3d 578, 581 (1st Cir. 2014) (quoting Moran Vega v. Cruz Burgos, 537 F.3d 14, 20 (1st Cir. 2008)).

A claim that property was seized in violation of the Fourth Amendment accrues when the plaintiff knew or had reason to know that the defendants' seizure was wrongful. Schomaker v. United States, 334 F. App'x 336, 338 (1st Cir. 2009). If the plaintiff knew of the challenged search and seizure of property and of his injury at that time, a Fourth Amendment claim accrues at the time of the seizure, not when the subsequent consequences "became most painful." Richer v. Parmelee, 388 F. Supp. 3d 97, 105 (D.R.I. 2019); see also Kripp v. Luton, 466 F.3d 1171, 1175

7

(10th Cir. 2006); Moore v. Moore, 2019 WL 6683171, at *4 (N.D. Ohio Dec. 6, 2019).

### B. Application

Mr. Waite argues that he did not know that his property had been taken from his mother's basement until he asked her to take his property when she moved in 2019. He contends that the property in the basement was not listed on the search inventories so he had no reason to know that it had been seized at the time of the searches in September of 2014 or after that time. The record Mr. Waite provides shows, however, that he was well aware that many items had been taken during the search, that some items were described generally as crates or boxes, and that some items were not included on the inventories.

Mr. Waite knew that the search occurred on September 4, 2014. The inventories or property lists of items seized in the search include multiple firearms, "77 7 CRATES, 1 BOX ASSORTED AMMUNITION" and "77 6 MAGAZINES 2 PISTOL 4 RIFLE." Doc. 1-1, at *36. In a letter to New Hampshire State Troopers, dated June 18, 2015, Waite states that he is accusing the Hinsdale police of being thieves and crooks for taking his property, including "8 crates [my mom says all [?] in reality] 3 stocks – not firearms, and 6 magazines – not installed into firearms, and hense not allowed." Doc. 1-1, at *38. Mr. Waite further states

8

that he was seeking the return of metal and wooden crates. As such, Mr. Waite demonstrates that he knew then that items had been taken or were missing from his mother's home that were either not listed or not clearly listed on the inventories.

In addition, Mr. Waite was on notice from the time of the initial search and seizure of items from his mother's home on September 4, 2014, that many items had been taken, including items that he now alleges were in the basement. For example, at Waite's request, his mother went to the HPD in May of 2015 to ask about food, "MRE's (Meals Ready to Eat)" that had been taken. Her query shows that Mr. Waite knew food had been taken or was missing from his mother's home.

While Mr. Waite alleges that he did know that the food and ammunition in the basement had been taken until 2019, Mr. Waite provides no plausible reason for his ignorance. He says he could not ask his mother to look in the basement for his property after the searches because of her age and knee issues. His concern did not extend, however, to his request that she move his property with her to Ohio.

In the circumstances Waite alleges, he knew at least by June of 2015 that property had been seized during the search that he believed was taken illegally and that was not listed on the inventories. To the extent Mr. Waite may have discovered later that more items had been taken than he knew initially, his

9

Fourth Amendment claims accrued when he knew that property had been taken that he believed was taken illegally. While the scope of the alleged harm may not have been apparent until later, the alleged injury occurred at the time of the search and seizure of the property. Waite knew of the seizures and complained about the items taken at least by June of 2015. Therefore, his claims accrued in 2015, and Claims 2(a)-(d) are time barred.

## Conclusion

For the foregoing reasons, the district court should dismiss Claims 2(a)-(d) as time barred and decline to exercise supplemental jurisdiction over any state claims Mr. Waite may have intended to allege, without prejudice to his ability to raise those claims in state court.

Any objections to this Supplemental Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Failure to file any objection within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objections(s) to this Supplemental Report and Recommendation "'are subject to review

in the district court.'"  Id.  Additionally, any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).

                                             _____
                                             Andrea K. Johnstone
                                             United States Magistrate Judge

January 7, 2022

cc:   Richard Waite, pro se.